JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-1330-VBF(AGRx)**                                Dated: **March 31, 2009**

Title:   Martha Dagley -v- Target Corporation, Inc., et al.

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                        None Present

**PROCEEDINGS (IN CHAMBERS):**   **COURT ORDER REGARDING ORDER TO SHOW CAUSE RE REMAND FOR LACK OF JURISDICTION (docket #10)**

On March 6, 2009, the Court set an Order to Show Cause re Remand for Lack of Jurisdiction (docket #10).  The Court has received, read and considered the following papers: Defendants' Notice of Removal (docket #1); Defendants' Briefing on Removal Jurisdiction (docket #12); and Plaintiff's Memorandum in Support of Remand and Request for Monetary Sanctions (docket #13).  Pursuant to Rule 78 of the Federal Rule of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. Accordingly, the hearing set for April 6, 2009 at 1:30 p.m. is vacated and the matter taken off calendar.

MINUTES FORM 90                                                Initials of Deputy Clerk   rs
CIVIL - GEN

## I.   Introduction and Ruling

Plaintiff Martha Dagley ("Plaintiff") filed her complaint in state court on November 7, 2008 alleging numerous causes of action against an entity defendant, Target Corporation ("Target"), and an individual defendant, Joahana Hernandez ("Ms. Hernandez") (together "Defendants").  Ms. Hernandez is allegedly Plaintiff's personnel manager.  Complaint ¶ 6.  Plaintiff's asserts eight causes of action arising out of an alleged wrongful termination against Target.  Of the eight causes of action against Target, Plaintiff also alleges two against Ms. Hernandez: (1) retaliation pursuant to Government Code § 12940(h), and (2) intentional infliction of emotional distress.

Defendants removed this case on February 25, 2009 on the grounds of diversity jurisdiction.  Notice of Removal at 2:2-5 (docket #1).  In their Notice of Removal, Defendants acknowledge that Ms. Hernandez is a non-diverse party, but they assert that she has been fraudulently joined in an effort to defeat diversity.  Notice of Removal ¶ 10.  On March 6, 2009, the Court set an Order to Show Cause Re Jurisdiction and ordered that on or before March 23, 2009, Defendants file and serve briefing on whether this Court has jurisdiction (docket #10).  Plaintiff was ordered to serve a response to Defendants' briefing on or before March 30, 2009.  The Parties have timely filed papers.

After considering the Parties' papers, the Court finds that it does not have diversity jurisdiction in this case because Defendants have not met their heavy burden of showing that Ms. Hernandez has been fraudulently joined.  As the Court also does not have federal question jurisdiction, the Court does not have subject matter jurisdiction in this case.  Therefore, the Court REMANDS this action to state court.  The Court also DENIES Plaintiff's request for sanctions against Defendants.

## II.   Analysis

A federal district court has diversity jurisdiction over any civil action between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Plaintiff is a citizen of California.  Target is a citizen of Minnesota.  A corporation is a citizen of the state where it is incorporated and its principal place of business.  Target is incorporated

in Minnesota.  Complaint ¶ 3.  For the reasons set forth in Target's papers, Target's principal place of business is also in Minnesota.  *See* Defendants' Briefing at 3-6 (docket #12).

Defendant Hernandez is a citizen of California, the same as Plaintiff.  Although Defendants recognize that Ms. Hernandez is a citizen of California and would therefore destroy diversity, Defendants allege that Ms. Hernandez has been fraudulently joined, and that her citizenship should be ignored.

To prevail under the theory of fraudulent joinder, essentially "[t]he defendant must demonstrate that there is *no possibility that the plaintiff will be able to establish a cause of action* in state court against the alleged sham defendant."  *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (internal quotation omitted).  This is a "heavy burden."  Schwarzer, *et al.*, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, § 2:680 (The Rutter Group 2008).  It is insufficient to demonstrate that Plaintiff is unlikely to prevail against the "sham" defendant.  *See Mielke v. ConocoPhillips*, 2005 WL 1039075, at *1 (N.D. Cal. 2005) ("it is not for the Court to decide whether 'the plaintiff will actually or even probably prevail on the merits, but [rather to] look only for a possibility that he may do so'" (internal citations omitted)); *see also* Schwarzer, *et al.*, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, § 2:686 (The Rutter Group 2008) ("Fraudulent joinder is not shown simply because the action is likely to be dismissed against that defendant.").

The primary issue presented is whether there is a possibility that Plaintiff will be able to establish at least one of her two causes of action in state court against Ms. Hernandez: (1) retaliation pursuant to Government Code § 12940(h), and/or (2) intentional infliction of emotional distress.  As explained below, there is a possibility that Plaintiff will be able to establish a claim of intentional infliction of emotional distress against Ms. Hernandez.  Therefore, Defendants have not met their heavy burden of showing that Ms. Hernandez has been fraudulently joined.

    A. Retaliation Pursuant to Government Code § 12940(h)

There is no possibility that Plaintiff will be able to sue Ms. Hernandez for retaliation under California Government Code § 12940(h) in state court.  Under *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1174 (2008), the California Supreme Court held that as a matter of law, nonemployer individuals may not be held personally liable under the FEHA,

MINUTES FORM 90                                                                                                   Initials of Deputy Clerk   rs  
CIVIL - GEN

Government Code § 12940(h) for their role in an alleged employer's retaliation.

    B. <u>Intentional Infliction of Emotional Distress</u>

However, there is a possibility that Plaintiff will be able to sue Ms. Hernandez for intentional infliction of emotional distress in California state court. Under California law, the elements of intentional infliction of emotion distress are:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct

*Christensen v. Superior Ct.*, 820 P.2d 181, 202 (Cal. 1991) (quotation omitted).

Plaintiff alleges that she worked at Target from approximately March 1983 through August 27, 2007 when Ms. Hernandez, Target's agent, terminated her employment. Complaint ¶ 7. Plaintiff alleges that by July 2007, Plaintiff developed trigger-finger in her right hand and she sought medical consultation. Complaint ¶ 8. Plaintiff continued to work as her surgery was scheduled and re-scheduled, but on August 8, 2007, Plaintiff's doctor informed Plaintiff that her surgery would take place the next day on August 9, 2007. *Id.* Plaintiff notified Target's store manager that same day and had the surgery on August 9, 2007. *Id.* On August 9, 2007, Plaintiff's doctor ordered that Plaintiff take off work because she was deemed to be temporarily, totally disabled until September 3, 2007. Complaint ¶ 9. Plaintiff advised Target and provided the doctor's order to the personnel office. *Id.* On August 27, 2007, without any inquiry from Target or from Ms. Hernandez, and without any warning, Ms. Hernandez terminated Plaintiff's employment. Complaint ¶ 7, 10. Plaintiff alleges that Ms. Hernandez "either knew or should have known that terminating [Plaintiff] at the age of 63, in her time of need, while she was disabled and/or suffering from a medical condition . . . was substantially certain to result in [Plaintiff's] severe emotional distress." Complaint ¶ 51. Generally, a manager's act of terminating employees does not by itself create an action for intentional infliction of emotional distress. *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (Cal. Ct. App. 1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if

MINUTES FORM 90                                                           Initials of Deputy Clerk   rs
CIVIL - GEN

improper motivation is alleged."). However, a claim of intentional infliction of emotional distress is possible "[w]here the behavior goes beyond the act of termination . . . ." *Gibson v. Am. Airlines,* No. C 96-1444, 1996 WL 329632, at *4 (N.D. Cal. June 6, 1996). For example, if a plaintiff "alleges conduct other than that inherent in terminating an employee", such as violating a "fundamental interest of the employee . . . in a deceptive manner that results in the plaintiff being denied rights granted to other employees", then a claim for intentional infliction of emotional distress is possible against a supervisor. *Id.* In *Gibson*, the court found that such a claim was possible against plaintiff's supervisor when the supervisor fired plaintiff in part for taking medical leave. *Id.* The *Gibson* court stated that plaintiff was denied the right to medical leave in a deceptive manner when other employees were given such a right. *Id.* In this case, Plaintiff alleges that she was terminated during her medical leave without any inquiry or warning from Ms. Hernandez. It is possible that a reasonable jury could find that Ms. Hernandez denied Plaintiff's right to medical leave in a deceptive manner by terminating her, and that therefore Plaintiff may possibly have a claim of intentional infliction of emotional distress against Ms. Hernandez. Ms. Hernandez therefore is not a sham defendant.

As Ms. Hernandez shares the same Californian citizenship as Plaintiff, the Court does not have diversity jurisdiction in this case. Neither Defendants nor Plaintiff allege that the Court has federal question jurisdiction, and the Court does not find that Plaintiff's action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Therefore, the Court does not have federal question jurisdiction. As the Court does not have subject matter jurisdiction, it does not need to consider other arguments raised by Plaintiff – such as untimely removal. The Court remands this case to state court.

### III. Sanctions

Plaintiff requests sanctions pursuant to 28 U.S.C § 1447(c). *See* Plaintiff's Memorandum at 12-14 (docket #13). The "standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The court may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The Court denies Plaintiff's request for sanctions as Defendants' removal was not unreasonable. Defendants were not unreasonable in asserting that Ms. Hernandez was

fraudulently joined because ordinarily, an act of termination does not by itself result in a claim of intentional infliction of emotional distress against a supervisor.  Plaintiff also request sanctions because Defendants removed this case nine weeks after Plaintiff served Ms. Hernandez.  *See* Plaintiff's Memorandum at 13.  However, Defendants were not unreasonable in removing on February 25, 2009 – one month from what they believed was the service date for Target since Defendants believed that Ms. Hernandez was fraudulently joined.  *See* Defendants' Briefing at 8-9 (docket #12).  For all these reasons, the Court finds that Plaintiff has not shown sufficient grounds for an award of sanctions against Defendants.

### IV.  Concluding Order of Remand

This Court remands this case to state court as this Court does not have subject matter jurisdiction.  The Court does not have diversity jurisdiction as Defendants have not met their heavy burden of showing that Ms. Hernandez is a sham defendant, and Ms. Hernandez shares the same citizenship as the Plaintiff.  The Court also does not have federal question jurisdiction.